———o———

No. 6073.

## INTERSTATE ELECTRIC CO. vs. ILLINOIS CENTRAL R. R. CO.

### Syllabus.

1. A clause in a bill of lading providing that the carrier shall not be liable for delays resulting from "riots or strikes," has reference to delays due to violence incident to riots or strikes, and not to unreasonable delays due only to the temporary disorganization of the carrier's force of employees.

2. The market price to a "purchaser" is the price at which he can "buy" in the open market.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 103,138. Hon. T. C. W. Ellis, Judge.

Sol Wolff, for plaintiff and appellee.

Lemle, Jones & Moreno, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff seeks to recover damages for delay in the delivery of a certain shipment and defendant sets up substantially that the delay was caused by the disorganized condition of its office and operating forces due to a "strike" which it then had on hand; claiming that by the terms of the bill of lading it is not liable for delays resulting from "riots or strikes."

The defense is untenable. Such a clause in a bill of lading is valid only to the extent that it is intended to provide against **violence** incident to "riots and strikes," and it means nothing else. Otherwise we should have the unheard of proposition that a carrier might be relieved of its obligation, imposed by law, by the simple fact of its inability to agree with its employees as to wages or hours or conditions of service.

In this case it is not pretended that defendant's inability to fulfill its contract was the result of violence; the cause advanced is the temporary inefficiency of its new office employees; and the delay, of more than a month, was unreasonable.

As to the measure of damages: The carload of "conduits" subject matter of this controversy, was worth at the time it should have been delivered $1188.09; and at the time it actually was delivered might have been replaced by plaintiff for $915; a difference of $273.09, which we think is the proper measure of damages.

It is true that plaintiff was offered only $805.00 for the carload; but this price it refused.

Having preferred to keep the conduits rather than sell, the presumption is that the price offered was not a

fair measure of their value; and this is corroborated by the fact that immediately thereafter the price of conduits advanced considerably.

Having kept the conduits instead of selling them, plaintiff of its own choice took the position of **purchaser** rather than **vendor**, and the market price to a **purchaser** is the price at which he can **buy** in the open market.

It is therefore ordered that the judgment appealed from be amended by reducing the amount allowed plaintiff from $382.29 to Two Hundred and Seventy-three 09-100. Dollars ($273.09), and as thus amended the judgment is affirmed; plaintiff to pay costs of appeal and defendant to pay costs of the Court below.

Opinion and decree April 20, 1914.

Judgment amended and affirmed.

Rehearing refused, May 18, 1914.